IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MARCIA SHIRLEY, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-cv-00304-AW |
| | * | |
| BUONASSISSI HENNING & LASH, PC, *et al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Memorandum Opinion**

The matters currently before the Court are Defendants Buonassissi Henning & Lash, PC, ("Buonassissi"); U.S. Bank National Association ("USBNA"), and America Service Center ("ASC")'s motion to dismiss, Doc. No. 17, and Plaintiff Marcia Shirley ("Shirley")'s motion for leave to amend her Complaint to add additional defendants and state law claims, Doc. No. 21. As an initial matter, the Court has serious concerns regarding Shirley's representation by Keith J. Smith and Tawana Shephard of the Glenmore Law Firm.[1] The Court has reviewed the motion papers submitted by the Parties and finds that no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2010). For the reasons articulated below, the Court will GRANT Defendants' motion to dismiss and DENY Plaintiff's motion for leave to amend her Complaint.

**I.      Factual & Procedural Background**

---

[1]The Court is aware of a civil case currently pending against the Glenmore Law Firm in which the Court is requiring a complete description of the attorney principals in that firm, including their identities and dates of admission to the bar of each jurisdiction in which they may be admitted. *See Lampton v. Household Fin. Corp.*, RWT-11-cv-1364, at \*8 (D. Md. 2011) (J. Titus). Specifically, the Court is requiring a complete description of how Tawana Shephard qualifies for continued admission to the bar of this Court in light of her establishment of an office in the State of Maryland. *Id.* The Court is also aware that Keith Smith is currently suspended and awaiting a determination that may involve disbarment. These facts raise serious and substantial issues as to whether Shirley's counsel is even eligible to represent her before this Court.

The following facts are drawn from the Complaint except where otherwise noted. Plaintiff Shirley purchased property in Greenbelt, Maryland on August 22, 2006. Compl. ¶ 5. On or before that time, one or all of Defendants failed to provide Shirley with documents, including an Initial Truth-in Lending Disclosure Statement, Good Faith Estimate, Itemization of Amount Financed, Special Information Booklet on Closing Cost, various State documents, Privacy Policy/Information Sharing Disclosure, Purchase Agreement with Addendums, Title Commitment/Policy, and Fair Lending Disclosure. Compl. ¶ 6. Defendant ASC was the lender and mortgage broker for the real estate transaction, Defendant USBNA is the trustee and present holder of the Note, and Defendant Buonassissi is a Virginia law firm specializing in foreclosures and has been appointed Substitute Trustee for Defendant USBNA. Compl. ¶ 2-4.

As a result of Defendants' lack of disclosure, Shirley alleges she was unable to make an informed and intelligent decision regarding the purchase of her property. Compl. ¶ 7. On July 15, 2010, Shirley received her first notice of impending foreclosure from Defendant Buonassissi. Compl. ¶ 13. On August 12, 2010, Shirley filed for bankruptcy protection under Chapter 13 of the U.S. Bankruptcy Code. Doc. No. 21 Ex. 1 at 2. The public auction was scheduled for August 13, 2010 but was subsequently cancelled. *Id.* On September 29, 2010, Shirley filed a voluntary motion to dismiss her Chapter 13 bankruptcy case, which the Bankruptcy Court granted on the same day. *Id.*

On January 20, 2011, Shirley received a notice from Defendant Buonassissi that her property would be sent to public auction on February 4, 2011. Compl. ¶ 17. On February 3, Shirley faxed Buonassissi a copy of her Complaint which she filed with this Court on the same

day. Doc. No. 21 Ex. 1 at 2. Buonassissi did not cancel the foreclosure, and Shirley's house was subsequently sold at auction. *Id.*

Shirley brought this action against Defendants for an injunction and restraining order (Count I), violations of the Real Estate and Settlement Procedures Act ("RESPA") (Count II), gross negligence (Count III), and failure to provide consumer information and privacy policy pursuant to 15 U.S.C. 6801 § 216.4 (a) and 12 C.F.R. § 332.4 (a) (Count IV). Doc. No. 1. Defendants have moved to dismiss the complaint under Federal Rule 12(b)(6). Doc. No. 17.

Shirley has moved to amend her complaint, not to correct any deficiencies therein, but to add the following Defendants: (1) American Home Mortgage Corporation d/b/a American Home Mortgage; (2) Wells Fargo Bank, N.A.; (3) Kieth M. Yacko, Esquire, Substitute Trustee; (4) Mr. Del Shelton, Plaintiff's realtor; (5) Keller Williams Realty, Inc.; and (6) Mortgage Electronic Registration System, Inc. Doc. No. 21 Ex. 1 at 12. Furthermore, Shirley seeks to add the following allegations: breach of fiduciary duty, professional negligence, fraud, and lack of standing to foreclose. *Id.* at 12-13. Because the Court finds that dismissal of Shirley's claims against Defendants is appropriate, the Court declines to grant Shirley's motion to amend her complaint to add additional defendants and allege additional causes of action arising under state law.

## II.     Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a),

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

**III.   Analysis**

    A.   <u>Count I: Petition for Injunction and Restraining Order</u>

Under Count I of her Complaint, Shirley requests an order restraining Defendants from continuing to engage in the attempted sale of Shirley's property. Defendants argue that Shirley's request for injunctive relief is moot because the foreclosure sale has already occurred. Shirley acknowledges that foreclosure has taken place but argues that injunctive relief is still possible because ratification and eviction proceedings have not yet commenced. However, even if injunctive relief is still possible at this point, Shirley must prevail under one or more of the other three counts of her Complaint. Because the Court finds that Shirley's other three counts fail to state claims upon which relief may be granted sufficient for this case to proceed to discovery, it declines to consider injunctive relief.

B.   Count II: Violations of RESPA

Shirley alleges that Defendants failed to provide a Good Faith Estimate in the time and manner required by RESPA, in violation of 24 C.F.R. § 3500.7(a) and 24 C.F.R. § 3500.6(a)(1). However, RESPA only provides private causes of action for violations of 12 U.S.C. § 2605, 2607, and 2608. *See* 12 U.S.C. § 2614; *see also McKinney v. Fulton Bank*, 776 F. Supp. 2d 97, 103 (D. Md. 2010) ("Congress's decision to reference only three RESPA provisions in § 2614 strongly indicates a lack of congressional intent to grant private rights of action for other provisions of RESPA.").

Shirley argues that § 3500.19 provides for private causes of action under § 3500.7(a) and § 3500.6(a)(1). That section states:

(a) *Enforcement Policy*. It is the policy of the Secretary regarding RESPA enforcement matters to cooperate with Federal, State, or local agencies having

5

supervisory powers over lenders or other persons with responsibilities under RESPA. Federal agencies with supervisory powers over lenders may use their powers to require compliance with RESPA. In addition, failure to comply with RESPA may be grounds for administrative action by the Secretary under 2 CFR part 2424 concerning debarment, suspension, ineligibility of contractors and grantees, or under part 25 of this title concerning the HUD Mortgagee Review Board. *Nothing in this paragraph is a limitation on any other form of enforcement which may be legally available.*

24 C.F.R. § 3500.19 (emphasis added).

Shirley appears to contend that her claims brought under § 3500.7(a) and § 3500.6(a)(1) are proper because these claims are intertwined with her gross negligence claim, and the last sentence of § 3500.19 provides that her gross negligence claim is not otherwise limited by § 3500.19. Shirley's interpretation of § 3500.19 strains the plain meaning of the statute. Surely the statement: "[n]othing in this paragraph is a limitation on any other form of enforcement which may be legally available" cannot be read as expanding private causes of action to 24 C.F.R. § 3500.7(a) and 24 C.F.R. § 3500.6(a)(1). Rather, a reasonable interpretation is that § 3500.19 merely clarifies that Congress did not intend to limit the causes of action already available to plaintiffs. Congress has not created a private cause of action under 24 C.F.R. § 3500.7(a) or 24 C.F.R. § 3500.6(a)(1), and it is not the province of this Court to create an implied private cause of action where Congress's intent was specifically to carve out these provisions. *See McKinney*, 776 F. Supp. at 103.

Shirley is correct that she can use § 3500.7(a) and § 3500.6(a)(1) in her gross negligence claim as evidence of gross negligence. However, Count II is wholly premised on violations of § 3500.7(a) and § 3500.6(a)(1), for which Congress has provided no private cause of action. Accordingly, Shirley fails to state a claim for which relief can be granted as to Count II.

### C.     Count III: Gross Negligence

Shirley alleges that Defendants ACS and USBNA are liable for gross negligence because they intentionally failed to act in good faith and fair dealing when they failed to provide Shirley with the Initial Truth-in-Lending Disclosure Statement, Good Faith Estimate, and other pertinent documents described above. Because Shirley's gross negligence claim is a state law claim, it is subject to Maryland's general three-year statute of limitations. Md. Cts. & Jud. Pro. Code Ann., § 5-101. The alleged acts of ACS and USBNA occurred on August 22, 2006, and Shirley brought the present action more than three years later on February 3, 2011; thus Shirley's claim for gross negligence is, on its face, time-barred. Shirley contends that the doctrine of fraudulent concealment applies to toll the period of limitations because Defendants fraudulently concealed the documents which prevented Shirley from readily discovering their misconduct.

To toll the statute of limitations on the basis of fraudulent concealment, Shirley must establish that: (1) ACS and USBNA fraudulently concealed documents which are the basis of Shirley's claim, that (2) Shirley failed to discover these facts within the statutory period, despite (3) the exercise of due diligence on Shirley's part. *See Weinberger v. Retain Credit Co.*, 498 F.2d 552, 555 (4th Cir. 1974). Shirley comes near enough to alleging the proper legal elements: she contends that ACS and USBNA intentionally failed to provide her with documents on August

7

22, 2006, and that she failed discover this injury until January 20, 2011, when she consulted with current counsel who discovered numerous deficiencies in the closing documents.

However, Shirley fails to allege any facts or events in support her claim that ACS and USBNA's failure to provide the documents was an intentional attempt to fraudulently conceal such documents. Moreover, Shirley has alleged no facts suggesting that she exercised due diligence in attempting to discover Defendants' fraudulent acts between August 22, 2006 and January 20, 2011. Rather, Shirley discovered no injury until she consulted with present counsel in an attempt to stave off foreclosure of her home. Accordingly, Shirley has not alleged facts sufficient to support tolling the statute on the basis of fraudulent concealment.

Alternatively, Shirley contends that the statute of limitations should be tolled on the basis of the "discovery rule." The discovery rule, which has been adopted in Maryland, applies to toll the statute of limitations "until the time the Plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury." *Frederick Rd. Ltd. P'ship*, 756 A.2d 963, 973 (2000). Because Shirley has not alleged facts suggesting that she exercised due diligence in attempting to discover Defendants' fraudulent acts between the time of August 22, 2006 and January 20, 2011, tolling the statute on the basis of the discovery rule would also not be proper. Accordingly, Shirley's gross negligence claim is barred by Maryland's three-year statute of limitations.

    D.    <u>Count IV: Failure to Provide Consumer Information and Privacy Policy Pursuant to 15 U.S.C. 6801 § 216.4(a) and 12 C.F.R. § 332.4(a)</u>

Shirley alleges that Defendants ACS and USBNA failed to provide Shirley with the pertinent documents described above in violation of 15 U.S.C. 6801 § 216.4(a) and 12 C.F.R. § 332.4(a). The Court finds that Count IV of Shirley's Complaint fails to state a claim for which relief can be granted because, like Count II, it alleges violations of statutes for which Congress has provided no private cause of action. Shirley's claim under 15 U.S.C. 6801 § 216.4(a) is a claim under the Gramm-Leach-Bliley Act ("GLBA"). The GLBA provides that: "This subchapter and the regulations prescribed thereunder shall be enforced by the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission . . ." 15 U.S.C. § 6805. Accordingly, Shirley cannot bring a private cause of action against ACS and USBNA under the GLBA.

Furthermore, Shirley attempts to bring a claim under the Code of Federal Regulations 12 C.F.R. § 332.4(a). This section of the Code deals with the Federal Deposit Insurance Corporation ("FDIC")'s privacy rules. Like Shirley's other claims under the Code of Federal Regulations, this claim cannot proceed because Congress has not created a private cause of action for violations of 12 C.F.R. § 332.4(a). Accordingly, Shirley's claims in count four for violations of 15 U.S.C. 6801 § 216.4(a) and 12 C.F.R. § 332.4(a) must be dismissed.

At the motion-to-dismiss stage, it is not the Court's role to make a final judgment as to the factual merit of Shirley's case. Shirley's burden at this juncture is merely to provide enough detail to "nudge[] [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. For the reasons stated above, Shirley has not presented enough to allow her claims to proceed into discovery. Therefore, Defendants' motion to dismiss must be granted.

  E. <u>Shirley's Request for leave to Amend her Complaint to Add Several Additional Defendants and State Law Claims</u>

In the alternative, Shirley requests that the Court permit Shirley to amend her complaint. The Court generally applies a liberal standard in granting a party's request to amend its pleading. *See McDermott v. Moretz*, 898 F.2d 418, 423 (4th Cir. 1990). Indeed, the interests of justice are frequently served in allowing a party to correct errors in pleadings or to otherwise bring the pleading into conformity with facts or legal theories subsequently elucidated through the judicial process.

However, in the case at bar Shirley does not seek to amend her pleading to remedy any discrepancies or to further flesh out her claims against Defendants. Rather, Shirley seeks to add six new parties: (1) American Home Mortgage Corporation d/b/a American Home Mortgage; (2) Wells Fargo Bank, N.A.; (3) Kieth M. Yacko, Esquire, Substitute Trustee; (4) Mr. Del Shelton, Shirley's realtor; (5) Keller Williams Realty, Inc.; and (6) Mortgage Electronic Registration System, Inc. Doc. No. 21 Ex. 1 at 12. Furthermore, Shirley seeks to add the following allegations: breach of fiduciary duty, professional negligence, fraud, and lack of standing to foreclose. *Id.* at 12-13. Because the Court finds that dismissal of Shirley's claims against Defendants is appropriate, the Court declines to grant Shirley's motion to amend her complaint to add these additional defendants and allege additional causes of action which seem to be largely, if not entirely, rooted in state law.

  **IV.** **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss will be granted and Shirley's request for leave to amend her complaint will be denied. A separate order will follow.

| | |
|---|---|
|  September 15, 2011  <br> Date |    /s/    <br> Alexander Williams, Jr. <br> United States District Judge |